UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br><br>     Plaintiff,<br><br> v.<br><br>NINTENDO CO., LTD., et al.,<br><br>     Defendants. | CASE NO. C22-0386JLR<br><br>ORDER |

## I.  INTRODUCTION

Before the court is Plaintiff Polaris PowerLED Technologies, LLC's ("Polaris") motion to dismiss Defendants Nintendo Co., Ltd. and Nintendo of America, Inc.'s (collectively, "Nintendo") counterclaims and strike paragraphs 6-10, 21-46, and 49-51 from the counterclaim section of Nintendo's answer. (Mot. (Dkt. # 39); Reply (Dkt. # 43).) Nintendo opposes the motion. (Resp. (Dkt. # 42).) The court has considered the

//

ORDER - 1

parties' submissions, the balance of the record, and the applicable law. Being fully advised,[1] the court DENIES Polaris's motion.

## II. BACKGROUND

This case involves Nintendo's alleged infringement of U.S Patent No. 8,223,117 (the "'117 Patent"). (*See* Compl. (Dkt. # 1) at 1; *see also id.* ¶ 8, Ex. A ("'117 Patent").) The '117 Patent, which Polaris owns, describes a "method and apparatus to control display brightness with ambient light correction." (*Id.* ¶ 8 (capitalization omitted); *see also id.* (stating that Bruce Ferguson invented the '117 Patent but that Polaris now "owns by the entire right, title, and interest in the '117 Patent").)

On March 29, 2022, Polaris sued Nintendo for direct and indirect infringement of the '117 Patent. (*See generally id.* ¶¶ 11-29.) Specifically, Polaris alleges that Nintendo: (1) directly infringes on the '117 Patent by "making, using, offering for sale, selling within the United States, and/or importing into the United States video game devices (the "Accused Products"), including, for example, the Nintendo Switch products that contain ambient light sensors and autobrightness control features in violation of 35 U.S.C. § 271(a)" (*id.* ¶ 12); and (2) "has indirectly infringed and continues to indirectly infringe the '117 Patent by inducing infringement of the '117 Patent by its customers, users, and third parties" in violation of 35 U.S.C. § 271(b) (*id.* ¶¶ 22, 25). Although Polaris alleges that Nintendo infringes "one or more claims of the '117 Patent," the only claim that

---

[1] Polaris requests oral argument (*see* Mot. at 1), but the court finds that oral argument would not be helpful to its disposition of Polaris's motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

Polaris specifically mentions in its complaint is claim 1 of the '117 Patent. (*See, e.g.*, *id.* ¶¶ 10-29.)

In its answer, Nintendo denied that it infringes on the '117 Patent and asserted two declaratory judgment counterclaims. (*See generally* Answer (Dkt. # 13).) Nintendo's first counterclaim asserts that it "has not infringed, and is not now infringing, directly or indirectly, any valid and enforceable claim of the '117 Patent." (*See id.* ¶¶ C53-55.[2]) Its second counterclaim alleges that the "asserted claims of the '117 Patent are invalid for failure to satisfy the conditions of patentability in 35 U.S.C. §§ 1 *et seq.*, including, but not limited to §§ 101, 102, 103, and/or 112." (*See id.* ¶¶ C56-59.)

Polaris now asks the court to dismiss Nintendo's counterclaims under Federal Rule of Civil Procedure 12(b)(6) and to strike the "the immaterial and impertinent allegations in paragraphs 6-10, 21-46, and 49-51 of [Nintendo's] [c]ounterclaims" pursuant to Federal Rule of Civil Procedure 12(f). (*See generally* Mot. at 1.)

### III. ANALYSIS

The court begins by discussing Polaris's motion to strike paragraphs 6-10, 21-46, and 49-51 from the counterclaim section of Nintendo's answer before turning to Polaris's motion to dismiss Nintendo's counterclaims.

//

//

---

[2] Because Nintendo separately numbers the paragraphs in the counterclaim section of its answer (*see generally* Answer), the court uses "C" to refer to the paragraphs in the counterclaim section and "A" to refer to the paragraphs in the other sections of Nintendo's answer.

A. **Motion to Strike**

The court sets forth the standard of review before turning to Polaris's motion to strike.

1. Standard of Review

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A matter is immaterial if it "has no essential or important relationship to the claim for relief or defenses pleaded." *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (quoting 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2022)). A matter is impertinent if it does not pertain and is not necessary to the issues in the case. *See id.*

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1032-33 (C.D. Cal. 2002). Ordinarily, a motion to strike will not be granted unless "the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit."[3] *N.Y.C. Emps. Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121,

---

[3] *See Campagnolo S.R.L. v. Full Speed Ahead, Inc.*, 258 F.R.D. 663, 665 (W.D. Wash. 2009) ("The possibility that certain claims 'will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw "unwarranted" inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike.'" (quoting *Alco*, 217 F. Supp. 2d at 1033); *Fogerty*, 984 F.2d at 1527 (affirming district court's decision to strike lengthy, stale and previously litigated factual allegations that did not involve the parties to the

1128 (N.D. Cal. 2009) (quoting *Rivers v. Cnty. of Marin*, No. C 05-4251, 2006 WL 581096, at *2 (N.D. Cal. 2006)). "Where the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike 'even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f).'" *Id.* (quoting *Rivers*, 2006 WL 581096, at *2); *see also Moussouris v. Microsoft Corp.*, No. C15-1483JLR, 2016 WL 4472930, at *3 (W.D. Wash. Mar. 7, 2016). "[A]llegations that provide background information, historical material, 'or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to [the moving party].'" *Erhart v. BofI Holding, Inc.*, 269 F. Supp. 3d 1059, 1085 (S.D. Cal. 2017) (quoting *In re Facebook PPC Advert. Litig.*, 709 F. Supp. 2d 762, 773 (N.D. Cal. 2010)). When considering a motion to strike, the court should view the pleading in the light most favorable to the nonmoving party and "resolve[] any doubt as to the relevance of the challenged allegations or sufficiency of a defense" in nonmoving party's favor. *Alco*, 217 F. Supp. 2d at 1033. "The burden of satisfying 'the stringent Rule 12(f) standard' falls on the moving party." *Mora-Villalpando v. U.S. Immigr. & Customs Enf't*, No. C18-0655JLR, 2018 WL 3536754, at *4 (W.D. Wash. July 23, 2018) (quoting *Ellison v. Autozone Inc.*, No. C06-07522 MJJ, 2007 WL 2701923, at *2 (N.D. Cal. Sept. 13, 2007)).

//

---

current proceeding and created serious risks of prejudice to the moving party); *J & J Sports Prods., Inc. v. Luhn*, Civ. No. 2:10–3229 JAM CKD, 2011 WL 5040709, at *1 (E.D. Cal. Oct. 24, 2011) ("[Courts may find prejudice] where superfluous pleadings may confuse the jury, or where a party may be required to engage in burdensome discovery around frivolous matters.").

2. <u>Analysis</u>

Polaris moves to strike paragraphs 6-10, 21-46, and 49-51 from the counterclaim section of Nintendo's answer because they contain "immaterial and impertinent allegations." (*See* Mot. at 1; *see also id.* at 10-13.) Polaris groups the challenged paragraphs into four categories: (1) allegations regarding the types of products that Polaris does or does not make and sell (Answer ¶¶ C6-9, C21-30, C46); (2) allegations relating to non-infringing alternatives to claim 1 of the '117 Patent and other ways to control display brightness and conserve battery power (*id.* ¶¶ C41-45); (3) allegations that Polaris does not make videos games and is not a video game company (*id.* ¶¶ C49-51); and (4) allegations regarding a collection of technologies that existed before the '117 Patent (*id.* ¶¶ C31-40). (*See* Mot. at 10-13.) In addition to its arguments regarding the irrelevance of the challenged paragraphs, Polaris contends that it "is improper and prejudicial" to require Polaris to "take a position in a pleading on technical issues at the pleading stage, particularly where the technical descriptions are vague and imprecise," and "respond to improperly served requests for admission that relate to non-infringing alternatives, technical issues, and Polaris' business regarding whether it makes specific products." (Reply at 12 (stating that the issues raised in these paragraphs "are more properly addressed in discovery and expert reports than in pleadings").)

Nintendo contends that "none of the paragraphs Polaris seeks to strike are impertinent or immaterial; to the contrary, the paragraphs are directed to the heart of the patented subject matter and the state of the related art." (*See* Resp. at 2-4 (discussing the relevance of the challenged paragraphs).) It further argues that the court should not take

1  the drastic measure of striking the paragraphs at issue because Polaris has identified "no
2  serious risk of prejudice" and Polaris's subjective belief that the allegations are "not
3  essential" to the counterclaims does not justify striking the paragraphs under Rule 12(f).
4  (*See id.* at 4-5 & n.1; *see also id.* at 5 ("Confirming that there is no concrete prejudice,
5  Polaris even acknowledges that these issues can be 'addressed in discovery and expert
6  reports.'" (citing Mot. at 13)).)

7       Polaris's motion to strike fails to clear the high standard set by Rule 12(f). Polaris
8  moves to strike almost all of the background facts alleged in the counterclaim section of
9  Nintendo's answer. (*See generally* Mot. at 10-13; Answer ¶¶ C6-10, C21-46, C49-51.)
10 At this stage, the court cannot say that the allegations are immaterial, impertinent, or
11 otherwise have no bearing on this litigation. Construing the pleadings in the light most
12 favorable to Nintendo, *Alco*, 217 F. Supp. 2d at 1033, these facts provide the court with
13 relevant information regarding the parties and their businesses and may be relevant to
14 Nintendo's invalidity and non-infringement counterclaims, as well as its requested relief.
15 (*See generally* Answer ¶¶ C6-10, C21-46, C49-51); *see Amini Innovation Corp. v.*
16 *McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 491 (C.D. Cal. 2014) ("[A] court
17 must deny the motion to strike if any doubt exists whether the allegations in the pleadings
18 might be relevant in the action." (quoting *Montecino v. Spherion Corp.*, 427 F. Supp. 2d
19 965, 967 (C.D. Cal. 2006))); *S.L. ex rel. Mary L. v. Downey Unified Sch. Dist.*, No. CV
20 13-06050 DDP PJWX, 2014 WL 934942, at *10 (C.D. Cal. Mar. 10, 2014) ("Background
21 information need not be stricken because it provides the court 'with a fuller
22 //

ORDER - 7

understanding of the dispute.'" (quoting *Kaiser Found. Hosps. v. Cal. Nurses Ass'n*, No. 11–5588 SC, 2012 WL 440634, at *4 (N.D. Cal. 2012))).

Having reached such a conclusion, the court also declines to conclude that Polaris will be unduly prejudiced by having to respond to, and engage in discovery relating to, the challenged paragraphs.[4] *See Kaiser*, 2012 WL 440634, at *4 (finding that defendant's argument that certain background factual allegations should be struck because they will "needlessly stretch the scope of discovery beyond the logical limits of the legal claims" lacked merit); *S.L. ex rel. Mary L.*, 2014 WL 934942, at *10 (declining to strike the plaintiff's allegations providing medical and statistical information about epilepsy, types of seizures, and proper seizure treatment, finding the allegations relevant and noting that the defendant would not be prejudiced by the allegations because the "veracity of such purported factual statements can be challenged by evidence at a later stage in the proceedings"). The court also notes that Polaris's prejudice argument, premised in part on a "waste of time and resources" (*see* Reply at 12), "is somewhat undermined by litigating [a] motion[] to strike, despite their disfavored status, rather than

---

[4] The court reminds Polaris that a party is not entitled to discovery of a factual issue merely because it is alleged in the pleadings. Federal Rule of Civil Procedure 26(b)(1) expressly limits the scope of discovery to "any nonprivileged matter this is relevant to any party's claim or defense." Thus, if Polaris later wishes to challenge the propriety of a specific discovery request, it may do so. (*See* Reply at 12 ("Polaris seeks to reduce an unnecessary burden in responding to improperly served requests for admission that relate to non-infringing alternatives, technical issues, and Polaris' business regarding whether it makes specific products.").) Additionally, to the extent that any of Nintendo's allegations call for responses beyond Polaris's current knowledge, Polaris may state so in their responsive pleading pursuant to Federal Rule of Civil Procedure 8(b). (*See id.* (alleging that "whether the generic technologies existed before the patent-in-suit, and in what form they might have existed are the subject of expert testimony and opinion" and that Polaris should not have to take a position on such "technical issues at the pleading stage").)

advancing the litigation." *Reiffer v. HGM Holdings LLC*, No. 1:18-CV-1058-LJO-BAM, 2019 WL 1455325, at *4 (E.D. Cal. Apr. 2, 2019); *see Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 628-29 (E.D. Cal. 2014) ("The court cannot conceive how these defenses will 'cost both the parties and the [c]ourt unnecessary time and resources.' In fact, it is more likely the parties and the court have already needlessly expended more resources on this motion." (citation omitted)).

In sum, because the challenged paragraphs "might bear on an issue in the litigation" and Polaris has not demonstrated that such allegations are unduly prejudicial to it, the court DENIES Polaris's motion to strike paragraphs 6-10, 21-46, and 49-51 from the counterclaim section of Nintendo's answer. *See Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004); *N.Y.C. Emps.*, 667 F. Supp. 2d at 1128.

**B. Motion to Dismiss**

The court sets forth the standard of review before turning to Polaris's motion to dismiss.

<u>1. Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (noting that Federal Rule of Civil Procedure 8(a)(2) requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to

provide the opposing party notice of the claim and the grounds upon which it rests). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The same pleading standard, and standard of review, applies where counterclaims are at issue. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a . . . counterclaim . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."); *see also Lemman v. Foley*, No. C20-0591JCC, 2020 WL 7181055, at *1 (W.D. Wash. Dec. 7, 2020) (noting that a motion to dismiss a counterclaim is evaluated under the same standards applicable to a motion to dismiss a complaint).

When considering a Rule 12(b)(6) motion, the court may consider the pleading, documents attached to the pleading, documents incorporated therein, or matters of judicial notice. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The court must accept the non-moving party's well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Hines v. Youseff*, 914 F.3d 1218, 1227 (9th Cir. 2019); *Daniels-Hall*, 629 F.3d at 998. However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall*, 629 F.3d at 998.

2. <u>Analysis</u>

Polaris argues that the court should dismiss Nintendo's invalidity and non-infringement counterclaims because Nintendo "has not pled any facts that, if true,

would plausibly support" either claim. (*See* Mot. at 4-9.) Nintendo disagrees. (*See* Resp. at 5-8.)

"Patent cases are unique with respect to pleadings, and arguments for more specificity in a complaint are not always warranted." *Am. Soc'y of Anesthesiologists v. BevMD, LLC*, No. 15-CV-600-BAS(JLB), 2016 WL 4257448, at *4 (S.D. Cal. Mar. 31, 2016); *see also TCL Commc'ns Tech. Holdings Ltd v. Telefonaktenbologet LM Ericsson*, No. SACV1400341JVSANX, 2014 WL 12588293, at *9 (C.D. Cal. Sept. 30, 2014) ("[T]he Court emphasizes that this is a unique area of the law with its own set of local rules."). Courts have upheld the sufficiency of minimally pled non-infringement and invalidity counterclaims in light of districts' local patent rules, which procedurally require detailed disclosures soon after an action is filed.[5] *See, e.g.*, *TCL Commc'ns*, 2014 WL 12588293, at *8-9; *Play Visions, Inc. v. Dollar Tree Stores, Inc.*, No. C09-1769MJP, 2010 WL 11442909, at *1 (W.D. Wash. Nov. 30, 2010). In this district, for example, Local Patent Rules 120 through 122 require plaintiffs to provide very detailed notice of

---

[5] The court acknowledges that cases are divided on the level of factual detail required for an invalidity or non-infringement counterclaim to survive a motion to dismiss for failure to state a claim. *See, e.g.*, *TCL Commc'ns*, 2014 WL 12588293, at *9 ("Various courts have concluded that conclusory statements that a patent is invalid under various sections of the U.S. Code without any further factual detail regarding the grounds for this invalidity are insufficient to state a claim. However, other cases have found the pleading of such counterclaims to be sufficient in light of the more detailed invalidity contentions required by local patent rules." (citations omitted)); *Ironworks Pats. LLC v. Samsung Elecs. Co.*, No. 17-CV-01958-HSG, 2018 WL 1400440, at *1-2 (N.D. Cal. Mar. 20, 2018) ("Numerous California district courts have found general denials of infringement sufficient to sustain declaratory judgment claims for patent non-infringement at the pleading stage."); *Kaotica IP Corp v. Iconic Mars Corp.*, No. 21-CV-433-CAB-DEB, 2021 WL 3726006, at *2 (S.D. Cal. Aug. 23, 2021) (dismissing non-infringement counterclaim because it contained "no factual allegations whatsoever, asserting only legal conclusions").

all claims alleged to have been infringed, the allegedly infringing products, and the manner of infringement, and require defendants to provide equally detailed notice of non-infringement and invalidity contentions. *See, e.g.*, Local Rules W.D. Wash. LPR 120-22. Such local patent rules fulfill the Supreme Court's pleading standard "[b]y requiring the party claiming [non-infringement and] invalidity to flesh out and support its [non-infringement and] invalidity contentions early on," though not immediately from the outset. *ASUSTeK Comput. Inc. v. AFTG-TG LLC*, No. 5:CV 11-00192-EJD, 2011 WL 6845791, at *13 (N.D. Cal. Dec. 29, 2011); *see also Rockwell Automation, Inc. v. Beckhoff Automation*, LLC, 23 F. Supp. 3d 1236, 1248 (D. Nev. 2014) (denying a motion to dismiss because the district's local patent rules "obviate these pleading requirements in patent cases"); *Play Visions*, 2010 WL 11442909, at *1 ("To make the pleadings contain the theories and supporting facts for invalidity and non-infringement would render these local patent rules superfluous.").

Accordingly, courts have upheld the sufficiency of patent invalidity claims that only identify the statutory basis for each claim, even in the wake of *Twombly* and *Iqbal*. *See, e.g.*, *BevMD*, 2016 WL 4257448, at *4 (denying motion to dismiss patent invalidity claim alleging that "[t]he claims of the '131 Patent are invalid for failure to comply with one or more requirements of the Patent Laws of the United States including 35 U.S.C. §§ 102 and/or 103"); *TCL Commc'ns*, 2014 WL 12588293, at *9 (finding defendant's invalidity counterclaims sufficient where it alleged that "one or more claims of the ['556 or '506] patent are invalid for failure to comply with the conditions of patentability

//

specified in Title 35 of the United States Code, including without limitation Section 102, 103, and 112 thereof").

Here, Nintendo's invalidity counterclaim identifies the patent at issue (Answer ¶¶ C14-18 (including the '117 Patent's filing, issuance, and expiration dates)) and identifies the specific statutory basis for invalidity—i.e., "§§ 101, 102, 103, and/or 112" and the "conditions of patentability in 35 U.S.C. §§ 1 *et seq.*" (*id.* ¶ C58).[6] Beyond that, Nintendo's invalidity counterclaim also incorporates paragraphs that include allegations relating to invalidity. (*See id.* ¶ C56 (incorporating by reference the preceding paragraphs); *see, e.g., id.* ¶¶ C21-45 (alleging, for example, that the technologies in the '117 patent existed before the '117 Patent and that the claims do not cover every way of controlling display brightness or conserving battery power).) As such, Polaris has sufficient notice of the grounds underlying Nintendo's invalidity counterclaim and requiring a more detailed pleading of invalidity at this stage would circumvent this district's local patent rules. *See ASUSTeK*, 2011 WL 6845791, at *13; *see also Play Visions*, 2010 WL 11442909, at *1 (finding invalidity counterclaim sufficient where the counterclaim presented the identity and date of the patents at issue and the statutory basis for their invalidity); *Evolve Techs., LLC v. Coil Winding Specialist, Inc.*, No. 3:18-CV-00671BEN-BGS, 2019 WL 1383272, at *3 (S.D. Cal. Mar. 27, 2019) (same).

With respect to non-infringement claims, courts have found general denials of infringement sufficient to sustain declaratory judgment claims for patent

---

[6] Nintendo also alleges that "an actual and justiciable controversy has arisen between the parties as to the validity of the '117 Patent." (*See* Answer ¶ C57.)

non-infringement at the pleading stage, though they do require the identification of a specific product in order to provide reasonably detailed notice of the claims asserted. *See, e.g.*, *ASUSTeK*, 2011 WL 6845791, at *13 (holding that a non-infringement claim must at least identify the disputed products to satisfy *Twombly* and *Iqbal*); *MIS Scis. Corp. v. Rpost Commc'ns Ltd.*, No. 14-CV-00376-VC, 2016 WL 2931659, at *1 (N.D. Cal. May 19, 2016) (finding non-infringement claims sufficiently pleaded where the accusing party "described in general terms the accused products," and the accused party broadly denied those allegations, because the accuser "should typically already be on notice of the patent infringement questions posed by the lawsuit"); *BevMD*, 2016 WL 4257448, at *4 (finding adequate a "scantly" alleged claim that the accused product did "not infringe, has not infringed directly, indirectly, willfully, or otherwise" any claim of the asserted patent).

    In this case, Nintendo alleges that Nintendo "has not infringed, and is not now infringing, directly or indirectly, any valid and enforceable claim of the '117 Patent." (Answer ¶ C54 (stating that the "only claim described in the [c]omplaint is 'claim 1'" (citing Compl. ¶¶ 10, 12, 13)).)  Nintendo's non-infringement counterclaim incorporates paragraphs noting that Polaris's complaint accuses the "Nintendo Switch" and calls the "Accused Products" "video game devices" (*id.* ¶ C48 (defining the accused products with reference to Polaris's complaint); *see* Compl. ¶¶ 12-21); denials of Polaris's infringement accusations (Answer at 3-6); and allegations regarding non-infringing alternatives (*id.* at ¶¶ C42-45).  (*See id.* ¶ C53 (incorporating by preference the preceding paragraphs).)  Therefore, despite the minimal facts alleged with respect to the non-infringement

counterclaim, Nintendo fulfills its responsibility of giving fair notice to Polaris of the products Nintendo alleges do not infringe on the '117 Patent. *See TCL Commc'ns*, 2014 WL 12588293, at *8 (denying motion to dismiss declaratory judgment of non-infringement claim where "the SAC's reference to the complaint in the Texas Action sufficiently puts Ericsson on notice of what products TCL alleges do not infringe Ericsson's patents").[7] This conclusion is reinforced by this district's local patent rules, which require defendants to make detailed non-infringement contentions early on. *See* Local Rules W.D. Wash. LPR 121; *Play Visions*, 2010 WL 11442909, at *1.[8]

In sum, while brief, Nintendo's counterclaims contain sufficient allegations to put Polaris on notice of Nintendo's non-infringement and invalidity contentions. To require more at this stage would undermine this district's local patent rules. Accordingly, the court DENIES Polaris's motion to dismiss Nintendo's declaratory-judgment counterclaims for patent non-infringement and invalidity.

//

//

//

---

[7] *See also Ironworks Pats.*, 2018 WL 1400440, at *2 (finding defendants' non-infringement counterclaims sufficient to put plaintiff on notice of the claims where defendants "denied all theories of infringement stated in [p]laintiff's complaint" and plaintiff's infringement allegations "reference[d] the accused products, their components, and the corresponding patent claims").

[8] *See also Evolve*, 2019 WL 1383272, at *3 (Though somewhat minimalist, CWS's non-infringement counterclaims provided Evolve with enough detail to put them on notice of CWS non-infringement contentions. . . . Heightened discovery obligations make patent cases "unique with respect to pleading," in that "arguments for more specificity in a complaint are not always warranted.").

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Polaris's motion to dismiss Nintendo's counterclaims and strike paragraphs 6-10, 21-46, and 49-51 from the counterclaim section of Nintendo's answer (Dkt. # 39).

Dated this 24th day of August, 2022.

JAMES L. ROBART
United States District Judge